IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SEAN MOORE AND SHOWER SOLUTIONS, INC., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. _____ |
| UNIMEX INDUSTRIES, INC., | § § § | Complaint for: Patent Infringement |
| Defendant. | § | |

H-06-1319

*United States Courts Southern District of Texas FILED APR 17 2006 Michael N. Milby, Clerk*

## ORIGINAL COMPLAINT

Comes Now, Sean Moore ("Moore") and Shower Solutions, Inc. ("S/S") and files this original complaint for patent infringement of United States Patent No. 6,263,523 (the "'523 patent") and United States Patent No. Des.426,142 (the "'142 patent") and trademark infringement of the mark "Crescent Shower Rod" and declaratory judgment against Defendant Unimex Industries, Inc. ("Unimex") and alleges as follows:

## NATURE OF ACTION

1.  This is an action for declaratory judgment and patent infringement in violation of Title 35 of the United States Code and for false designation of origin, and unfair competition arising under the Trademark Act of 1946, as amended 15 U.S.C. §§ 1051 *et seq.*, and unfair competition arising under the laws of the State of Texas. Moore and S/S seek damages and a permanent injunction to prevent making, using or selling of the infringing items. S/S also seeks damages and a permanent injunction enjoining and restraining Defendant and its agents, servants and employees from directly or indirectly using the mark "Crescent Shower Rod." Moore and S/S also seeks a reasonable royalty for sales of the infringing products.

## JURISDICTION AND VENUE

2.     This Court has original jurisdiction over the subject matter under Titles 35 and 15 of the United States Codes and pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has pendant jurisdiction of the claims arising under state law and common law pursuant to 28 U.S.C. § 1338(b). Defendant is engaged in activities that constitute patent and trademark infringement in this jurisdiction.

3.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and § 1400(b) in that this is a civil action for patent and trademark infringement and substantial acts inducing, contributing to, and constituting infringement of the '095 patent, '142 patent, and S/S's trademark have occurred in this judicial district and division and elsewhere in the United States.

## PARTIES

4.     Moore is an individual citizen and resident of the United States resides in Houston, Harris County, Texas. Moore is the named inventor of the '523 patent and the '142 patent. Moore owns and operates S/S in Houston, Texas.

5.     S/S is a corporation duly organized and existing and licensed to do business under the laws of the State of Texas, having a principal place of business in Houston, Harris County, Texas. S/S is a specialty manufacturer of shower enclosure systems.

6.     Defendant Unimex is a corporation duly organized and existing and licensed to do business under the laws of the State of Utah, having a principal place of business at 905 N. Main St., Suite C7, North Salt Lake, Utah 84054. Unimex may be served through its agent for service of process, Business Filings Inc. at 50 W. Broadway, 8th Floor, Salt Lake City, Utah 84101. Unimex is in the business of manufacturing and distributing building speciality items, including shower rods.

## BACKGROUND

### The Moore Patents

7. Moore is the owner of the '523 patent entitled "Shower Enclosure System." A true and correct copy of the '523 patent is attached hereto as Exhibit "A," which is hereby incorporated by reference. Moore is also the owner of the '142 patent entitled "Wall Mount." A true and correct copy of the '142 patent is attached hereto as Exhibit "B," which is hereby incorporated by reference. (hereinafter the '142 and '523 patents collectively referred to as the "Moore patents").

8. The '523 patent was duly and lawfully issued by the United States Patent & Trademark Office on July 24, 2001. Moore at all times material to this Complaint, has owned all right, title, and interest in the '523 patent and the invention claimed therein.

9. The '142 patent was duly and lawfully issued by the United States Patent & Trademark Office on June 6, 2000. Moore at all times material to this Complaint has owned all right, title, and interest in the '142 patent and the invention claimed therein.

10. The '523 patent relates generally to a flexible and adjustable shower enclosure system that is adapted to conform to practically any footprint of a shower area of a manufactured or custom shower rod and installation system. The invention disclosed in the '523 patent includes an adjustable bracket which pivots horizontally in either direction with a range of motion up to 140°, which enables the connector to adapt to most any style or shape shower rod.

11. The '142 patent relates to the ornamental design for a wall mount as shown in the '142 patent.

12. Since the date of issuance of the Moore patents, Unimex has in the past and does now manufacture, offer for sale or sell, directly or indirectly, articles or products corresponding to and coming within the scope of the disclosure and claims of the Moore patents, within the United States

of America, this Southern District of Texas and elsewhere in the United States willfully and without the consent of Moore. A photograph of Unimex's infringing end bracket is attached hereto as Exhibit "C." A copy of a Unimex packing list, which detail a Unimex shipment to Texas, is attached hereto as Exhibit "D."

13.     On information and belief, Unimex is aware the shower enclosure system and wall mount are patented and Unimex knowingly and willfully infringed upon Moore's patents.

14.     On information and belief, Unimex is profiting from sale of Moore's patented shower enclosure system and wall mount.

15.     Moore is entitled to damages in the amount of a reasonable royalty on the patented shower enclosure system and wall mount being infringed and seeks a reasonable royalty for sales of the infringing products and sales of convoyed products.

## "The Crescent Rod" Trademark

16.     S/S is a speciality manufacturer of the patented shower enclosure system described above. "The Crescent Rod" is a trademark of S/S. S/S conducts business in Texas and throughout the United States and worldwide, and utilizes its mark in Texas and throughout the United States and worldwide. S/S has expended considerable effort and expense in offering quality products under its mark. Plaintiff uses the mark on brochures, printed materials, on its Internet web pages, packaging of its products distributed throughout the United States and the world to promote its products. A copy of S/S's marketing brochure is attached as Exhibit "E."

17.     Plaintiff S/S uses "The Crescent Rod" mark on its Internet website. Indeed, S/S utilizes its mark as its Internet domain name. A copy of S/S's website, <www.crescentrod.com>, is attached hereto as Exhibit "F."

18. Upon information and belief, because Plaintiff S/S's extensive efforts and successes with its shower enclosure system products, the public has identified the mark "The Crescent Rod" as designating the goods of S/S. S/S enjoys substantial goodwill associated with the mark as a result of these successes as well as Plaintiff's extensive promotion and marketing of its products under Plaintiff's mark.

19. Upon information and belief, Unimex is in the business of manufacturing and distributing building specialty items. Upon information and belief, Unimax manufactures and distributes, among other products, the "Crescent Shower Rod." Unimex displays "the Crescent Shower Rod" mark prominently on its Internet website and promotional literature. A copy of certain pages from Defendant's website are attached hereto as Exhibit "G."

20. Upon information and belief, the parties' marks and goods are marketed to the same customers and are used in overlapping marketing channels, i.e. those builders, retailers, hotel chains, etc. in the market for specialty shower rod products, namely Plaintiff's patented curved shower rod system.

21. The use of the "Crescent Shower Rod" mark by Defendant is without S/S's consent and Defendant's use of the mark in commerce is likely to cause confusion, mistake, or deception. Defendant will continue such use unless and until it is enjoined from doing so by this Court.

22. Unimex's adoption and use of the mark "Crescent Shower Rod" in connection with its goods in interstate commerce constitutes false designation of origin, false representation and false description in violation of the Lanham Act, Section 43(a), 15 U.S.C. § 1125(a), all to the substantial and irreparable injury of the public and Plaintiff's business reputations and goodwill and will result in Unimex being unjustly enriched and unlawfully deriving profits and gains.

23. By adopting commercial designations confusingly similar and identical to S/S's mark, Unimex has passed off its goods and services as those of S/S to the damage of S/S and the detriment of third parties who are confused into believing that an affiliation or sponsorship exists as between S/S and Unimex.

## CAUSES OF ACTION, INFRINGEMENT AND RELIEF

### Count One:  Patent Infringement

24. Moore and S/S reallege and incorporate by reference paragraphs 1 - 23.

25. Unimex is infringing the Moore patents by making, using, selling, advertising, and/or offering to sell products which include all of the elements or at least one claim of the Moore patents.

26. The Defendant has made unlawful gains from such infringement and Moore, due to the unlawful infringement of Unimex, has been deprived of rights and royalties which would otherwise have come to Moore but for such infringement and has thereby caused Moore irreparable injury and threatens to continue to cause Moore loss of royalties.

### Count Two:  Action for Accounting of Sales and Profits

27. Moore and S/S reallege and incorporate by reference paragraphs 1-26.

28. Moore seeks an accounting of Defendant's sales and profits generated in connection with the sale of the infringing products.

### Count Three: Federal False Designation of Origin and False Descriptions Under Section 43(a) of the Lanham Act, 15 U.S. C. § 1125(a)

29. Moore and S/S reallege and incorporate by reference paragraphs 1-28.

30. Defendant's foregoing use of a confusingly similar and identical mark in interstate commerce is a false designation of origin, and/or a false description or representation. Such use has misled and deceived, and will continue to mislead and deceive, the public into believing that the

Defendant's infringing product originate with S/S, are licensed by S/S, or are in some way sanctioned by, or otherwise affiliated with, S/S.

31.     Defendant's unauthorized association of the infringing products with S/S has resulted in profits to the Defendant and has thereby deprived S/S of revenue to which S/S is entitled.

32.     By so imitating, copying and infringing S/S's mark in interstate commerce, the defendant has violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

33.     By reason of the foregoing, S/S has been injured in an amount not yet ascertained and is entitled to the remedies provided for in U.S.C. § 1116 *et seq*. Plaintiff has no adequate remedy at law.

### Count Four: Unfair Competition

34.     Moore and S/S reallege and incorporate by reference paragraphs 1-33.

35.     The acts complained of herein by Moore and S/S, including Defendant's use of a very close variation of the S/S's mark, is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of the Defendant's products with S/S, or as to the sponsorship, or approval of Defendant's products by S/S. Defendant's actions further misrepresent the nature, characteristics or qualities of the Defendant's products.

36.     By reason of the forgoing, Defendant has engaged in, and continues to engage in, acts of unfair competition in violation of Texas common law for which S/S has been irreparably harmed.

### Count Five: Declaratory Judgment

37.     Moore and S/S reallege and incorporate by reference paragraphs 1-36.

38.     Moore and S/S seek a declaration from the Court that the aforementioned conduct of Defendant infringes on the Moore patents and S/S's trademark.

## **DEMAND FOR RELIEF**

WHEREFORE, Moore and S/S prays for judgment as follows:

A. For a judgment declaring that Defendant, by its conduct in selling, using, advertising, offering for sale, and/or distributing, has directly infringed, contributed to direct infringement, or induced others to directly infringe claims of the United States Patent No. 6,236,523 and the United States Patent No. Des. 426,142;

B. For a permanent injunction enjoining Defendant, its agents, employees, representatives, dealers and all in privity or active concert with Defendant from making, using, selling, advertising, or offering to sell products determined to infringe United States Patent No. 6,236,523 or United States Patent No. Des. 426,142;

C. For an order that Defendant, and its agents, officers, servants and employees deliver up to this Court for destruction all articles infringing upon the claims of the Moore patents;

D. For a preliminary and permanent injunction pursuant to the powers granted it under 15 U.S.C. § 1116, enjoining and restraining Defendant and its agents, servants and employees from directly or indirectly using the mark "The Crescent Rod," the "Crescent Shower Rod," or any other mark, word or name similar to S/S's mark which is likely to cause confusion, mistake or to deceive;

E. For an order, pursuant to the power granted it under 15 U.S.C. 1118, that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendant bearing the mark "The Crescent Shower Rod" and all plates, molds, matrices and other means of making the same, shall be delivered up and destroyed;

F. For an award of a reasonable royalty from the Defendant for sales of the infringing products and sales of convoyed products;

G.   For an order requiring the Defendant to pay Moore and S/S's reasonable attorney's fees, together with all costs of this suit;

H.   For an order requiring the Defendant to pay exemplary and/or treble damages as permitted for knowing, willful and intentional conduct; and

I.   For pre- and post-judgment interest and such other and further relief as this Court may deem just and equitable.

Respectfully submitted,

Date  4-17-06

John S. Egbert
TBA No. 06479550
Andrew W. Chu
TBA No. 24005449

EGBERT LAW OFFICES
412 Main Street, 7th Floor
Houston, Texas 77002
Tel: (713) 223-4034
Fax: (713) 223-4873

ATTORNEYS FOR PLAINTIFF
SEAN MOORE